**Electronically Filed
Supreme Court
SCEC-24-0000798
10-JAN-2025
03:15 PM
Dkt. 17 FFCL**

SCEC-24-0000798

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

_____

MICHAEL H. JAUCH,
Plaintiff,

vs.

JADE TANIGAWA, Kaua'i County Clerk and
LYNDON YOSHIOKA, Kaua'i Deputy County Clerk,
Defendants.

_____

ORIGINAL PROCEEDING

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT
(By: Recktenwald, C.J., McKenna, Eddins, Ginoza, and Devens, JJ.)

Upon consideration of the election complaint filed on November 25, 2024, the motion to dismiss filed on December 10, 2024, and the record, we rule in favor of Defendants and against Plaintiff as to all claims stated in the complaint.

In accordance with Hawai'i Revised Statutes (HRS) § 11-174.5 (2009 & Supp. 2023), we enter the following findings of fact, conclusions of law, and judgment.

## FINDINGS OF FACT

The 2024 general election was held on November 5, 2024. Plaintiff Michael H. Jauch (Jauch) was an unsuccessful Republican candidate for State Representative, District 17. The general election result for this office shows that Jauch lost by 3,812 votes:

| | | |
|---|---|---|
| (D) MORIKAWA, Daynette (Dee) | 6,450 | 63.8% |
| (R) JAUCH, Michael H. | 2,638 | 26.1% |
| Blank Votes: | 1,010 | 10.0% |
| Over Votes: | 5 | 0.0% |

On November 25, 2024, Plaintiff filed the election contest with this court and thereby challenged the election result for the office of State Representative, District 17. Plaintiff did not name the chief election officer as a defendant.

On December 10, 2024, defendants Jade Tanigawa and Lyndon Yoshioka (together, County Clerk) filed a motion to dismiss Plaintiff's complaint, or in the alternative, for summary judgment.

Plaintiff did not file a response to Defendants' motion.

## CONCLUSIONS OF LAW

An election contest is instituted by filing a complaint in the supreme court "set[ting] forth any cause or causes, such as but not limited to, provable fraud, overages, or underages, that could cause a difference in the election results." HRS § 11-172 (Supp. 2023).

To prevail on an election complaint seeking to invalidate a general election, the plaintiff must establish "that a correct result cannot be ascertained because of a mistake or fraud on the part of the voter service center officials[.]" HRS § 11-174.5; see also Waters v. Nago, 148 Hawaiʻi 46, 65, 468 P.3d 60, 79 (2019) (invalidating the special election where the correct result could not be determined because invalidly received ballots were commingled with the other ballots).

At the outset, Plaintiff's complaint is procedurally defective because it does not name and was not delivered to the chief election officer. See HRS § 11-172 ("A copy of the complaint shall be delivered to the chief election officer or the clerk in the case of county elections.").

Nonetheless, we review Plaintiff's complaint on the merits and determine that Plaintiff failed to meet his burden to establish any irregularities such that the correct result of the election cannot be ascertained. HRS § 11-174.5.

Plaintiff appears to present, in pertinent part, three claims. First, Plaintiff contends that the County Clerk does not maintain a complete count of marksense ballots. Second, Plaintiff claims that the County Clerk improperly reviewed return identification envelopes on several days without "Signature Verification Observ[ers]." Third, Plaintiff appears to claim that, according to an election commissioner who was

3

present at a counting center on October 26, 2024, the number of ballots counted by the State was different from the number of ballots indicated in the Kaua'i County's chain-of-custody documentation. Plaintiff appears to contend that based on the foregoing, it is clear the Kaua'i County Clerk's office is not acting in good faith to follow the laws required to safeguard the election process, and that willful and intentional maladministration, misadministration, and misfeasance occurred, rendering the election null and void.

Plaintiff neither claims nor submits any evidence demonstrating that any of the foregoing alleged actions or irregularities would have had the effect of overcoming the margin by which the State House District 17 election was decided. On this record, Plaintiff failed to establish that the correct result of the election cannot be ascertained because of a mistake or fraud on the part of the County Clerk. See HRS § 11-174.5. Accordingly, the court rules in favor of the County Clerk and against Plaintiff as to all claims in the complaint.

The court issues this decision based on the record before the court. See HRS § 11-174.5(b) (providing "the court shall cause the evidence to be reduced to writing and shall give judgment, stating all findings of fact and of law"). Accordingly, the motion pending before the court is denied as moot.

4

**JUDGMENT**

Based on the above findings of fact and conclusions of law, judgment is entered in favor of the County Clerk, and against Plaintiff.

DATED:  Honolulu, Hawaiʻi, January 10, 2025.

/s/ Mark E. Recktenwald

/s/ Sabrina S. McKenna

/s/ Todd W. Eddins

/s/ Lisa M. Ginoza

/s/ Vladimir P. Devens